■ BAY FIREWORKS, INC., et al., Respondents, v CITY OF NEW YORK et al., Appellants. [674 NYS2d 392] —In an action, *inter alia*, to compel the appellants to return confiscated fireworks to the respondents, the appeal is from an order of the Supreme Court, Queens County (Goldstein, J.), dated June 27, 1997, which declared a City of New York rule (3 RCNY § 40-07 [e] [1]) invalid insofar as it mandates Fire Department escorts for the transportation of fireworks within the City of New York, and granted the respondents' motion for preliminary injunctive relief.

Ordered that the order is affirmed, with costs.

While the respondents were transporting fireworks through Queens in a van, a New York City Police Department Lieutenant observed that the van had a sign saying that it was carrying "explosives", and that the van did not have a Fire Department escort. The lieutenant stopped the van, and the fireworks were confiscated. The respondents brought this action, *inter alia*, to compel the return of the fireworks.

The Supreme Court determined that a City of New York rule (3 RCNY § 40-07 [e] [1]) was invalid insofar as it mandates

Fire Department escorts for the transportation of fireworks within New York City. We affirm.

The Administrative Code of the City of New York clearly distinguishes between explosives and fireworks (Administrative Code § 27-4002). Similarly, the Code contains separate provisions for the transportation of explosives (Administrative Code § 27-4031), and the transportation of fireworks (Administrative Code § 27-4044). The Code requires a Fire Department escort for all vehicles transporting explosives, but contains no such requirement regarding the transportation of fireworks.

Since 3 RCNY § 40-07 (e) contravenes Administrative Code § 27-4044, the Supreme Court correctly declared that it is invalid (*see, Finger Lakes Racing Assn. v Western Regional Off-Track Betting Corp.*, 45 NY2d 471, 480-481). Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur. [*See,* 173 Misc 2d 396.]